# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| PETER NEWMAN, | : | Case No. 3:18-cv-88 |
| | : | Case No. 3:18-cv-89 |
| Plaintiff, | : | |
| | : | Judge Thomas M. Rose |
| v. | : | |
| | : | |
| OHIO CIVIL RIGHTS COMMISSION, | : | |
| et al., | : | |
| | : | |
| Defendants. | : | |

## ENTRY AND ORDER DENYING MOTION FOR RECUSAL AND GRANTING MOTION TO CONSOLIDATE CASE NOS. 3:18-CV-88 AND 3:18-CV-89

This case is before the Court on Plaintiff Peter Newman's Motion for Recusal, to Consolidate His Two Cases, and to Transfer the Consolidated Cases to the Magistrate Judge (Doc. 9). Plaintiff's Motion contains two separate requests, namely that the undersigned recuse himself from this case pursuant to 28 U.S.C. § 455(a) and that the Court consolidate this case with another case (Case No. 3:18-cv-89) that Plaintiff brought against the same Defendants. Plaintiff filed an identical Motion (Doc. 11) in Case No. 3:18-cv-89. The Court considers both Motions here.

Defendants Ohio Civil Rights Commission, Leonard J. Hubert, Lori Barreras, Juan Cespedes, William Patmon III, Madu Singh, G. Michael Payton, Stephanie Bostos-Demers, Desmon Martin, Vera Boggs, Duffy Jamieson, Kathy Haley Ross, and Stephan Smith [*sic*, Stefan Schmidt] ("Defendants") oppose recusal, but agree that consolidation of Plaintiff's two cases against Defendants would be proper.

As discussed below, Plaintiff has not shown evidence of any personal bias against him derived from any extrajudicial source. As a result, the undersigned will not recuse himself from

either of Plaintiff's cases against the Defendants. The Court will, however, consolidate Case Nos. 3:18-cv-88 and 3:18-cv-89 because they involve common questions of law and fact. Fed. R. Civ. P. 42(a). Going forward, all filings should be made in Case No. 3:18-cv-88. Plaintiff's Motions (Doc. 9, Case No. 3:18-cv-88) (Doc. 11, Case No. 3:18-cv-89) are therefore **DENIED IN PART** and **GRANTED IN PART**.

I. <u>**MOTION FOR RECUSAL**</u>

Plaintiff argues that the undersigned Judge is biased against him based on rulings in a related case, captioned *Peter Newman v. University of Dayton*, *et al.*, Case No. 3:17-cv-179. Specifically, Plaintiff points to three Orders: (1) the Court's Order granting a motion to strike Plaintiff's memorandum in opposition to the defendants' motion to dismiss, (2) the Court's Order denying Plaintiff's motion for reconsideration of the Order granting the motion to strike, and (3) the Court's Order granting the defendants' motion to dismiss. (Case No. 3:27-cv-179, Docs. 22, 28, 38.) None of these Orders, however, reveals any personal bias against Plaintiff.

Under 28 U.S.C. §455, a judge must recuse himself from a case "in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). In addition, a judge must disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1).

The Sixth Circuit has held that the standard for recusal under section 455 is "straightforward and well-established":

> A district judge is required to recuse himself "'only if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *United States v. Story,* 716 F.2d 1088, 1091 (6th Cir.1983) (quoting *Trotter v. International Longshoremen's & Warehousemen's Union,* 704 F.2d 1141, 1144 (9th Cir.1983)). This standard is *objective* and is not

> based "on the subjective view of a party." *Browning v. Foltz,* 837 F.2d 276, 279 (6th Cir.1988), *cert. denied,* 488 U.S. 1018, 109 S.Ct. 816, 102 L.Ed.2d 805 (1989).
>
> Prejudice or bias must be personal, or extrajudicial, in order to justify recusal. *Id.* at 279. "Personal" bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases. *Demjanjuk v. Petrovsky,* 776 F.2d 571, 577 (6th Cir.1985), *cert. denied,* 475 U.S. 1016, 106 S.Ct. 1198, 89 L.Ed.2d 312 (1986). Personal bias arises out of the judge's background and associations. The critical test is whether the alleged bias "stem[s] from an extrajudicial source and result[s] in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.,* 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1965).

*Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251–52 (6th Cir. 1989)

Plaintiff fails to allege any personal prejudice or bias justifying recusal. His Motion is based exclusively on the undersigned's judicial conduct in presiding over Plaintiff's prior lawsuit. Without any allegation of an extrajudicial source of bias, the Motion for Recusal is deficient and must be denied. *See*, *e.g.*, *United States v. Jamieson*, 427 F.3d 394, 405 (6th Cir.2005); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991).

## II. <u>MOTION TO CONSOLIDATE</u>

Plaintiff asks the Court to consolidate this case, Case No. 3:18-cv-88, with his related case against the same Defendants, Case No. 3:18-cv-89. Defendants do not object to consolidation of the cases. Under Fed. R. Civ. P. 42, the Court may consolidate actions that involve a common question of law or fact. In both cases, Plaintiff alleges that the Ohio Civil Rights Commission and individual Defendants violated his constitutional rights by mishandling his claims against the University of Dayton. The common issues of law and fact underlying Plaintiff's claims in the lawsuits merits their consolidation under Fed. R. Civ. P. 42. The Court therefore grants Plaintiff's Motion to Consolidate.

3

## III. <u>CONCLUSION</u>

For the reasons above, the Court **DENIES** Plaintiff's Motion for Recusal (Doc. 9, Case No. 3:18-cv-88; Doc. 11, Case No. 3:18-cv-89) and **GRANTS** Plaintiff's Motion to Consolidate (Doc. 9, Case No. 3:18-cv-88; Doc. 11, Case No. 3:18-cv-89). Going forward, all filings are to be made in Case No. 3:18-cv-88. Case No. 3:18-cv-89 is hereby **TERMINATED**.

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, September 28, 2018.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE